# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | |
|---|---|
| FRANKIE LEE HICKS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV413-009 |
| MICHAEL J. ASTRUE, *Commissioner of the Social Security Administration*,[1] | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Frankie Lee Hicks asks this Court to review the Social Security Administration's denial of his social security disability claim. Doc. 1. He also seeks leave to proceed *in forma pauperis* (IFP). Doc. 2. In that he is indigent, the Court grants his IFP motion but his case must be dismissed for lack of jurisdiction.

"[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."

---

[1] The Court has amended the caption to show the proper title and name of the party plaintiff seeks to sue. The Clerk is **DIRECTED** to amend the caption accordingly. All subsequent filings shall conform.

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.*; Fed. R. Civ. P. 12(h)(3). Because federal courts have limited jurisdiction, they are presumed to lack subject matter jurisdiction unless the plaintiff shows the contrary. *Kivisto v. Kulmala*, 2012 WL 5834576 at * 1 (11th Cir. Nov. 19, 2012); *Thomas v. Office of Disability Adjudication and Review*, 2012 WL 5987555 at * 1 (S.D. Ga. Nov. 29, 2012).

Limited jurisdiction exists over Social Security's disability benefits decisions. Judicial review is restricted by 42 U.S.C. § 405(g), which in pertinent part provides:

> Any individual, after any *final* decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within *sixty* days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security with or without remanding the case for a rehearing.

42 U.S.C. § 405(g) (emphasis added).

For that matter, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or government agency except as herein provided." 42 U.S.C. § 405(h). Hence, Hicks may bring an action against the Commissioner only if he has been a party to a hearing before the Commissioner (or Administrative Law Judge) *and* the Commissioner has made a "final decision" on his claim. *Thomas*, 2012 WL 5987555 at * 1. He thus must affirmatively show that he has administratively exhausted his claim. *Villarino v. Comm'r Soc. Sec. Admin.*, 2012 WL 3205171 at * 7 (E.D. Cal. Aug. 3, 2012); *Garza v. Astrue*, 2012 WL 1799189 at * 4 (E.D. Cal. May 16, 2012).

He has not. Hicks alleges only that he has been denied benefits after a hearing. He has not alleged that the Commissioner's decision was final. Nor does he supply factual allegations from which the Court can infer that a § 405(g) final decision has issued. Nor, finally, can the Court determine whether Hicks filed this action within 60 days of the final decision denying him benefits (i.e., he has neither cited to nor supplied a final agency decision).[2]

---

[2] This is a critical pleading component:

3

Accordingly, the Court lacks subject matter jurisdiction over this case, which means it must be **DISMISSED WITHOUT PREJUDICE**. *Moultrie v. Astrue*, 2012 WL 2191639 at * 1-2 (S.D. Ga. June 14, 2012).

**SO REPORTED AND RECOMMENDED** this 25th day of January, 2013.

> UNITED STATES MAGISTRATE JUDGE
> SOUTHERN DISTRICT OF GEORGIA

---

Because the appeal provision set forth in 42 U.S.C. § 405(g) constitutes a waiver of sovereign immunity, courts must strictly construe the applicable time limit. *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S. Ct. 2022, 90 L.Ed.2d 462 (1986). *See also Fletcher v. Apfel*, 210 F.3d 510, 513 (5th Cir.2000) (affirming summary judgment in favor of the Commissioner for untimely filing of one day). Accordingly, a complaint appealing the Commissioner's denial of an application for social security benefits must allege the dates of the plaintiff's application(s) and the related denial(s). *Cook v. Astrue*, 2012 WL 812380 at *3 (E.D.Cal. March 9, 2012); *Sanchez v. Astrue*, 2011 WL 1549307 at *2–3 (E.D.Cal.2011). The plaintiff must also allege that he or she appealed to the Appeals Council, setting forth the application date, the decision date, and the outcome. *Id*; *See also Pierre v. Comm. of Soc. Sec.*, 2012 WL 1066811 at * 3 (S.D.Fla.2012) (requiring a plaintiff to allege facts supporting the conclusion that Commissioner rendered a final decision in the application below).

*Cribbet v. Comm'r of Soc Sec.*, 2012 WL 5308044 at * 2 (E.D. Cal. Oct. 29, 2012).